IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

MELISSA LEEANN THOMAS,

    Plaintiff,

v.                               CIVIL ACTION NO. 2:17-cv-03747

NANCY A. BERRYHILL,

    Defendant.

MEMORANDUM OPINION AND ORDER

I.    Introduction

This action was referred to the Honorable Omar J. Aboulhosn, United States Magistrate Judge, for submission to this court of proposed findings of fact and recommendation for disposition, pursuant to 28 U.S.C. § 636(b)(1)(B). The Magistrate Judge has submitted findings of fact and recommended that the court deny the plaintiff's motion for judgment on the pleadings, grant the defendant's request to affirm the ALJ's decision, affirm the final decision of the Commissioner, and dismiss this action from the court's docket. Proposed Findings & Rec. ("PF&R") [ECF No. 17].

On January 20, 2018, the plaintiff timely filed objections to the Magistrate Judge's PF&R. Pl.'s Objs. PF&R [ECF No. 19]. The defendant filed a response on February 5, 2018. Def.'s Resp. [ECF No. 20]. The court has reviewed de novo those portions of the Magistrate Judge's findings and recommendation to which the

plaintiff objects and finds that the objections lack merit. For the reasons stated herein, the court **ADOPTS** and incorporates the findings and recommendation of the Magistrate Judge. The court **DENIES** the plaintiff's motion for judgment on the pleadings [ECF No. 15], **GRANTS** the defendant's motion to affirm the ALJ's decision [ECF No. 16], **AFFIRMS** the final decision of the Commissioner, and **DISMISSES** this action from the court's docket.

## II. Statement of Facts

The court **ADOPTS** the statement of relevant facts and procedural history set forth in Magistrate Judge Aboulhosn's PF&R.

## III. Standard of Review

A district court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C). This court is not, however, required to review, under a de novo or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the findings or recommendation to which no objections are addressed. *Thomas v. Arn*, 474 U.S. 140, 150 (1985). In addition, this court need not conduct a de novo review when a party "makes general and conclusory objections that do not direct the Court to a specific error in the magistrate's proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982).

The Social Security Act states that "[t]he findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be

conclusive." 42 U.S.C. § 405(g). The Supreme Court has defined substantial evidence as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (quoting *Consol. Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)). Further, "[substantial evidence] consists of more than a mere scintilla of evidence but may be somewhat less than a preponderance." *Laws v. Celebrezze*, 368 F.2d 640, 642 (4th Cir. 1966).

In reviewing the case for substantial evidence, the court does not re-weigh conflicting evidence, make determinations as to credibility, or substitute its own judgment for that of the Commissioner. *Hays v. Sullivan*, 907 F.2d 1453, 1456 (4th Cir. 1990). Rather, the court must adopt the Commissioner's findings if there is evidence in support of such findings "to justify a refusal to direct a verdict were the case before a jury." *Blalock v. Richardson*, 483 F.2d 773, 776 (4th Cir. 1972). "Where conflicting evidence allows reasonable minds to differ as to whether a claimant is disabled, the responsibility for that decision falls on the [Commissioner] (or the [Commissioner's] designate, the [Administrative Law Judge])." *Walker v. Bowen*, 834 F.2d 635, 640 (7th Cir. 1987). Thus, even if the court would have reached a different decision, it must nonetheless defer to the conclusions of the ALJ if such conclusions are bolstered by substantial evidence and were reached through a correct application of relevant law. *See Coffman v. Bowen*, 829 F.2d 514, 517 (4th Cir. 1987).

IV.  Analysis

The plaintiff, Melissa Leeann Thomas, objects to the Magistrate Judge's finding that the administrative law judge's ("ALJ") residual functional capacity assessment was supported by substantial evidence. She objects to this finding on three grounds: First, she argues that the Magistrate Judge erroneously increased her burden of proof by indicating that a medical opinion was necessary to support additional functional limitations. Second, she argues that the Magistrate Judge improperly suggested that subjective symptoms need to constitute medical evidence to be probative. Finally, she argues that the Magistrate Judge failed to consider that her intermittent symptoms could amount to a finding of disability. I will consider each objection separately.

### a. The Residual Functional Capacity Assessment Fully Accounted for Plaintiff's Leg Swelling

The plaintiff objects to the Magistrate Judge's findings regarding her residual functional capacity ("RFC"). Specifically, she argues that the Magistrate Judge erroneously increased her burden of proof by indicating that a medical opinion was necessary to support additional functional limitations regarding her venous insufficiency. Pl.'s Objs. PF&R 3.

An ALJ must consider all relevant medical and other evidence as well as a claimant's ability to meet the physical, mental, sensory, and other demands of any job. 20 C.F.R. § 404.1545. But without medical signs or laboratory findings demonstrating the existence of a medically determinable physical impairment, a

claimant's symptoms, no matter how genuine, cannot be the basis for a finding of disability. SSR 96-4p, 1996 WL 374187 (July 2, 1996).

The Magistrate Judge did not require medical evidence to the exclusion of all other evidence, as the plaintiff claims; instead, the Magistrate Judge found that "the medical evidence of record does not substantiate" the plaintiff's claims that her bilateral lower extremity edema interfered with her ability to sit, walk, and stand and required her to elevate her legs for relief. PF&R 20. The Magistrate Judge found that while the plaintiff's continuous swelling of her lower extremities is undisputed, the record lacks evidence suggesting that the plaintiff's functional capacity was reduced as a result. PF&R 19.

Indeed, the medical records show that the plaintiff consistently ambulated with normal gate, that her swelling improved from using compression stockings, and that medication helped relieve her symptoms. *See* Tr. 20 [ECF 11-2 at 9]. Moreover, physical exams revealed only occasional mild edema, and the plaintiff's ultrasounds and venograms were normal. Tr. 20. Nothing in the record, however, supported her assertion that her symptoms interfered with her ability to sit, walk, or stand. PF&R 20 & fn.6–7. While the plaintiff did report, on one occasion, that she needed to elevate her legs, no medical records indicate that the plaintiff was required to elevate her legs to obtain relief. *See* PF&R 20 & fn.7.

In addition to the medical evidence, records indicate that the plaintiff's physicians encouraged her to exercise as treatment for the edema. This, as noted by

5

the Magistrate Judge, suggests that the plaintiff's doctors did not believe that her leg swelling prevented physical activity—her physicians wanted her to *increase* her physical activity, not decrease it. As such, I find that the Magistrate did not improperly increase the plaintiff's burden of proof to support additional functional limitations.

### b. The Magistrate Judge properly analyzed the plaintiff's subjective symptoms.

The plaintiff argues that the Magistrate Judge suggested that subjective symptoms need to constitute medical evidence to be probative. Pl.'s Objs. PF&R 4. Specifically, she argues that her "statements of symptoms were not necessary to establish an impairment." Pl.'s Objs. PF&R 4. Rather, they were "probative to establish[] the intensity and persistence of her symptoms that, in turn, would affect her RFC." Pl.'s Objs. PF&R 4.

An ALJ must follow a two-step analysis when considering a claimant's subjective symptoms. *Craig v. Chater*, 76 F.3d 585, 594 (4th Cir. 1996) (citing 20 C.F.R. § 404.1529(b)-(c)). First, there must be objective medical evidence "showing the existence of a medical impairment . . . which could reasonably be expected to produce the pain or other symptoms alleged." 20 C.F.R. § 416.929(b). Second, after the plaintiff meets her "threshold obligation of showing by objective medical evidence a medical impairment reasonably likely to cause the pain claimed after a claimant has met step one, 'the intensity and persistence of the claimant's pain, and the extent to which it affects her ability to work, must be evaluated.'" *Craig*, 76 F.3d at 595

6

(citing 20 C.F.R. §§ 416.929(c)(1) & 404.1529(c)(1)). "[T]his evaluation must take into account not only the claimant's statements about her pain, but also 'all the available evidence,' including the claimant's medical history, medical signs, and laboratory findings." *Id.* And "[a]lthough a claimant's allegations about her pain may not be discredited solely because they are not substantiated by objective evidence of the pain itself or its severity, *they need not be accepted to the extent they are inconsistent with the available evidence*." *Id.* (emphasis added). This includes "objective evidence of the underlying impairment, and the extent to which that impairment can reasonably be expected to cause the pain the claimant alleges she suffers." *Id.*

It is true, as the plaintiff contends, that the ALJ found that the plaintiff's medically determinable impairments could reasonably be expected to cause her alleged symptoms. Tr. 20. Importantly, however, the ALJ went on to find that the plaintiff's "statements concerning the intensity, persistence and limiting effects of [her] symptoms [were] not entirely credible." Tr. 20. The ALJ discussed at length the plaintiff's statements concerning her pain and other symptoms and compared them with the objective medical evidence. *See* Tr. 20–22. Based on that comparison, the ALJ gave little weight to her subjective symptoms. *See* Tr. 19–22. As such, I find that the Magistrate Judge correctly found that the ALJ properly analyzed the plaintiff's subjective symptoms.

### c. The ALJ Accounted for the Plaintiff's Intermittent Symptoms

Finally, the plaintiff argues that the Magistrate Judge required "consistent" symptoms and failed to consider that "intermittent" symptoms could amount to a finding of disability. As a result, the plaintiff argues that the Magistrate Judge, and the ALJ, "did not evaluate and identify any functional limitations caused [by the plaintiff's] venous insufficiency." Pl.'s Objs. PF&R 6.

The Social Security Act defines "disability" as the "(1) inability to engage in any substantial gainful activity by reason of (2) any medically determinable physical or mental impairment (3) which . . . has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). Importantly "[t]he 'continuous period' language of § 423(d)(1)(A) does not require a claimant to show an inability to engage in any substantial gainful activity every day of [her] existence." *Totten v. Califano*, 624 F.2d 10, 12 (4th Cir. 1980). Consequently, "[t]he ultimate question . . . is whether this sporadic incapacity prevents [her] from performing any substantial gainful activity within the meaning of the Social Security Act." *Id.* at 12.

The ALJ found the physical limitations within the plaintiff's RFC as follows:

> She can lift and carry 10 pounds occasionally and less than 10 pounds frequently. She can stand and walk two hours in an eight-hour workday and sit six hours in an eight-hour workday. The claimant can never climb ladders, ropes, or scaffolds, but can occasionally climb ramps and stairs. The claimant can occasionally balance, stoop, kneel, crouch, and crawl. She can tolerate occasional exposure to extreme temperatures, vibrations, and hazards.

Tr. 19. In evaluating these limitations regarding the plaintiff's venous insufficiency, the ALJ found that, despite swelling of the plaintiff's lower extremities, all the objective medical observations were normal—the plaintiff's pulse was present, she ambulated with a normal gait, and her venograms and ultrasounds were normal. Tr. 21. Moreover, the ALJ found that RFC was appropriate even when considering any compounding effect the plaintiff's obesity might have on her underlying physical impairments, including her venous insufficiency. Tr. 21. Simply put, as the Magistrate Judge noted, the plaintiff's "allegation that her leg swelling interfered with her ability to walk, sit[,] and stand and that she was required to elevate her legs[] is simply not supported by the medical record of evidence." PF&R 21. As such, the Magistrate Judge properly considered the plaintiff's intermittent symptoms.

## V. Conclusion

Based on the foregoing, I **FIND** that the Magistrate Judge correctly found that the ALJ based its RFC assessment on substantial evidence. Therefore, the court **ADOPTS** the Magistrate Judge's proposed findings and recommendation for disposition, **DENIES** the plaintiff's motion for judgment on the pleadings [ECF No. 15], **GRANTS** the defendant's motion to affirm the ALJ [ECF No. 16], **AFFIRMS** the final decision of the Commissioner, and **DISMISSES** this action from the court's docket.

The court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented party.

ENTER: August 20, 2018

_____
JOSEPH R. GOODWIN
UNITED STATES DISTRICT JUDGE